UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR,

    Plaintiff,

v.                                        Case No. 8:24-cv-2521-SDM-SPF

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION
LLC; and EQUIFAX INC.,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff Carlyne Desir's Motion for Clerk's Default against Defendant TransUnion LLC (Doc. 31) and Plaintiff's Supporting Affidavit of Facts on Motion for Default (Doc. 32). Upon consideration, Plaintiff's motion is DENIED.

### Background

In this Fair Credit Reporting Act case, *pro se* Plaintiff served Defendant TransUnion LLC with her complaint on November 18, 2024 (Docs. 1, 6). TransUnion timely filed its answer to Plaintiff's complaint on December 9, 2024 (Doc. 13). Plaintiff then moved for a clerk's default on December 19, 2024 (Doc. 19), which the Court denied as TransUnion timely filed its answer (Doc. 21). Plaintiff then filed an affidavit in support of her motion (Doc. 24), which clarified that she had not been served with TransUnion's answer. Indeed, the certificate of service on TransUnion's answer indicates that notice of the filing would be sent by operation of the Court's electronic filing system, and while the certificate of service also represented that a copy of the answer would be served via U.S. Mail on "the following parties," no parties were listed (Doc. 13 at 29).

On December 19, 2024, the undersigned held a Case Management Conference at which Plaintiff and TransUnion appeared (Docs. 23, 28). The Court ordered TransUnion to supplement its certificate of service to clarify if and when it mailed a copy of the answer to Plaintiff. The next day, TransUnion filed an amended certificate of service which stated that it caused a copy of the answer to be served on Plaintiff electronically through the Court's CM/ECF system on December 9, 2024, and that it mailed and e-mailed a copy of the answer to Plaintiff on December 19, 2024 (Doc. 30). Considering the foregoing, Plaintiff again moves for a clerk's default because TransUnion failed to timely serve her with a copy of its answer (Doc. 31).[1]

## Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). "[T]he drastic remedy of a default judgment should not be resorted to where a party has made a clear intent to defend." *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 237 (M.D. Fla. 1993); *see also* 2007 Advisory Committee Notes to Fed. R. Civ. P. 55(a) (courts routinely reject default where party shows intent to defend even if not connected with any rule). Thus, there is a "general policy favoring resolution of

---

[1] Typically, a party may serve an answer by filing it through the Court's CM/ECF system. *See* Fed. R. Civ. P. 5(b)(2)(E) (stating that papers may be served by "sending it to a registered user by filing it with the court's electronic-filing system"). *Pro se* Plaintiff is not a "registered user" with a CM/ECF account. As a result, TransUnion must serve Plaintiff through one of the other methods listed in Rule 5(b)(2).

cases on their merits . . . ." *Vega v. Invesco Grp., Ltd.*, No. 6:08-cv-1915-Orl-18DAB, 2009 WL 413596, at *2 (M.D. Fla. Feb. 18, 2009).

Here, TransUnion has shown a clear intent to defend. First, it timely filed its answer to Plaintiff's complaint on the Court's docket (Doc. 13). While it did not properly serve Plaintiff with its answer, it did so as soon as this issue was brought to its attention (Doc. 30). Considering this and the policies favoring the resolution of cases on their merits, the Court finds that the motion for clerk's default should be denied.

Further, while no clerk's default has been entered, the analysis applied by courts in motions to set aside entry of default lends further support to this result. Rule 55(c) permits a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" under Rule 55(c) is a mutable and liberal standard. *Sherrard v. Macy's Sys. & Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). In assessing good cause, courts consider: (1) whether the default resulted from culpable or willful conduct by the defaulting party; (2) whether setting aside the default will result in prejudice to the plaintiff; and (3) whether the defaulting party has a meritorious defense. *Compania Interamericana Exp.-Imp., S.A. c. Compania Domenicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

First, there is no evidence that TransUnion's failure to serve Plaintiff with its answer was a result of willful or culpable conduct. Indeed, it filed its answer on the Court's docket on the date it was due. While Plaintiff alleges that TransUnion intentionally failed to send Plaintiff its answer, and that its certificate of service is an "intentional false representation to deceive Plaintiff and the court" that is proof of bad faith (Doc. 31 at 7, 8), the Court finds no merit to these allegations.

TransUnion's failure to serve its answer also does not appear to have prejudiced Plaintiff. While Plaintiff alleges that she would suffer significant harm if any default were set aside because it would unduly delay the proceedings, TransUnion served Plaintiff with its answer only ten days after the deadline, and there is no indication that this has inhibited Plaintiff's ability to prepare her prosecution of this case. A small delay is not "the type of prejudice relevant to the Court's inquiry. Rather the prejudice to be considered by the Court is the effect of setting aside the default, if any, on Plaintiff's *ability to prosecute the case on the merits.*" *Sobkowski v. Wyeth, Inc.*, No. 5:04-cv-96-OC-10GRJ, 2004 WL 3569703, at *2 (M.D. Fla. June 4, 2004) (emphasis in original). Here, there has been no delay in bringing this case to a resolution as a result of TransUnion's failure to properly serve its answer. Indeed, this case is in its early stages, and the parties are not even required to file their case management report until January 2, 2025 (Doc. 27).

Finally, TransUnion's answer establishes that it has a meritorious defense. In assessing a defendant's meritorious defense, "the likelihood of success is not the measure. [Defendant's] allegations are meritorious if they contain even a hint of suggestion, which, if proven at trial, would constitute a complete defense." *Sobkowski*, 2004 WL 3569703, at *3. TransUnion's answer contains a number of such defenses. As a result, this factor would also weigh in favor of setting aside a default.

## Conclusion

For the foregoing reasons, it is **ORDERED**:

(1) Plaintiff Carlyn Desir's Motion for Clerk's Default against Defendant TransUnion LLC (Doc. 31) is **DENIED**.

**ORDERED** in Tampa, Florida, on December 30, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE