# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CARLYNE DESIR,<br><br>　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC., TRANSUNION LLC, and EQUIFAX INC.,<br><br>　　Defendants. | Case No. 8:24-cv-02521-SDM-SPF |

### EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT

Defendant Experian Information Solutions, Inc. ("Experian") moves the Court to stay all discovery obligations and deadlines as to Experian pending resolution of Experian's Motion to Compel Arbitration, filed on March 7, 2025. (Doc. No. 40). This motion is necessary because (i) requiring Experian to engage in discovery in federal court would deprive it of the benefit of the bargain it struck with Plaintiff and vitiate the terms of the parties' agreement to arbitrate this dispute, and (ii) Experian is otherwise in a procedural pickle due to the fact discovery in this case closes next month pursuant to the Court's Scheduling Order, yet Experian cannot participate in merits discovery at the risk of acting inconsistent with the intent to arbitrate—an argument Plaintiff raised (albeit erroneously) in opposition to Experian's Motion to Compel Arbitration. As more

fully set forth below, Experian respectfully requests the Court enter an order staying discovery as to Experian.

## BACKGROUND

Plaintiff Carlyne Desir ("Plaintiff") filed this action on November 4, 2024. (Doc. No. 1). Experian answered Plaintiff's Complaint, raising as its Eighth Affirmative Defense that Plaintiff's claims "may be subject of an arbitration agreement between Plaintiff and Experian." (Doc. No. 8 at 35). The Court entered its Case Management and Scheduling Order on January 7, 2025, setting a discovery deadline for this case of September 4, 2025. (Doc. No. 37). Experian then filed its pending Motion to Compel Arbitration on March 7, 2025. (Doc. No. 40).

As set forth in the Motion to Compel Arbitration, Experian has moved for arbitration of all claims asserted by Plaintiff as required under the Terms of Use Agreement governing Plaintiff's CreditWorks subscription service. (*Id.* at 9). Courts in this Circuit addressing identical motions under the same or similar CreditWorks Terms of Use have granted such motions and compelled arbitration. *See, e.g.*, *Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343, 1349 (11th Cir. 2025) (reversing and remanding with instructions to district court to grant Experian's motion to compel arbitration); *Newton v. Experian Info. Sols., Inc.*, No. 24-12398, 2025 WL 2102084 (11th Cir. July 28, 2025); *Ellis v. Experian Info. Sols., Inc.*, No. 8:24-cv-00850-JLB-AEP, 2024 WL 5319487, at *2 (M.D. Fla. Dec. 23, 2024) (granting Experian's motion to compel arbitration); *Hiotakis v. Nw. Fed. Credit Union*, 2023 WL 8544081 (M.D. Fla. Dec. 11, 2023) (same); *Williams v.*

*Experian Info. Sols., Inc.*, 2023 WL 8373530 (M.D. Fla. Dec. 4, 2023); *Costa v. Experian Info. Sols. Inc.*, 2023 WL 5434683 (M.D. Fla. Aug. 8, 2023) (same), *report and recommendation adopted*, 2023 WL 5432296; *Solis v. Am. Express Nat'l Bank*, 2023 WL 4831307 (M.D. Fla. July 28, 2023) (same). Because this matter belongs in arbitration, discovery should proceed in that forum as well, as required under Plaintiff's written agreement.

## LEGAL ARGUMENT

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Wright v. Sutton*, No. 1:08-CV-1431, 2010 WL 11562059, at *1 (S.D. W. Va. July 2, 2010) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Regan v. City of Charleston*, No. 2:13-CV-3046-PMD, 2015 WL 1518102, at *1 (D.S.C. Mar. 31, 2015) (quoting *Petrus*, 833 F.2d at 583). "District courts have the inherent power to manage their dockets, including the authority to stay proceedings. '[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Neeley v. Portfolio Recovery Assocs., LLC*, No. 1:15-CV-01283-RLY-MJD, 2015 WL 13640383, at *1 (S.D. Ind. Nov. 6, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Orlando Residence, Ltd. v. GP Credit Co., LLC*, No. 04-CV-439, 2006 WL 2849866, at *7 (E.D. Wis. Sept. 29, 2006) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are

determined." (quoting *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003))).

It is "the general practice of district courts" to issue "a stay of discovery . . . while [a] motion to compel arbitration [i]s pending before the Court." *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001); *see also Geopolymer Sinkhole Specialist, Inc. v. Uretek Worldwide Oy*, No. 8:15-cv-1690, 2016 WL 4769747, at *1 (M.D. Fla. Feb. 3, 2016) (granting motion to stay discovery pending resolution of motion to dismiss in favor of arbitration). This is because arbitrability is a threshold question likely to dispose of the case. "[D]iscovery on the merits" before "the issue of arbitrability is resolved puts the cart before the horse. If a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators . . . ." *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).

If Experian is required to engage in merits discovery while the Court resolves Experian's Motion to Compel Arbitration, it will "forever lose" its bargained-for rights to enjoy the advantages of arbitration. *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017); *Klepper v. SLI, Inc.*, 45 Fed. App'x 136, 139 (3d Cir. 2002) (noting that the benefits of arbitration are lost when parties are required "to submit to full discovery under the Federal Rules of Civil Procedure [that] may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid'"); *Recognition Equip., Inc. v. NCR Corp.*, 532 F.

Supp. 271, 275 (N.D. Tex. 1981) (explaining that arbitration is designed to "facilitate and expedite the resolution of disputes, ease court congestion, and provide disputants with a less costly alternative to litigation" and proceeding with discovery under the Federal Rule of Civil Procedure pending arbitration would not further those objectives); *see Mundi v. Union Sec. Life Ins. Co.*, No. CV–F–06–1493, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (finding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration").

Moreover, the current discovery deadline in this case puts Experian in a procedural Catch-22 because Experian cannot substantially participate in litigation to a point inconsistent with an intent to arbitrate at the request of waiving that right. *See Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986). In fact, although her argument fails, *see* (Doc. No. 40-1 at 47) (Plaintiff's agreement with Experian stating "[a]ll issues are for the arbitrator to decide including . . . whether you or [Experian], through litigation conduct or otherwise, waived the right to arbitrate"), Plaintiff raised a waiver argument in her response to Experian's Motion to Compel Arbitration, (Doc. No. 41 at 5), so this is not a hypothetical dilemma.

Courts around the country, including those within this District, frequently stay discovery pending resolution of a motion to compel arbitration for these reasons. *See, e.g., Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-cv-1499-T-33AEP, 2011 WL 1596007, at *2 (M.D. Fla. Apr. 27, 2011) (staying

discovery pending resolution of motion to compel arbitration); *Smith v. Davison Design & Dev., Inc.*, No. 3:13-CV-1194-J-32JBT, 2013 WL 12155489, at *1 (M.D. Fla. Dec. 18, 2013) ("[R]efusal to stay discovery on the merits of the claims until the issue of arbitrability is resolved puts the cart before the horse.") (internal quotations and citations omitted); *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) ("[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith.") (collecting cases); *see also Heaster v. EQT Corp.*, No. 19-CV-1463, 2020 WL 5536078, at *3 (W.D. Pa. Aug. 17, 2020) (stay of discovery pending resolution of motion to compel arbitration); *Arik v. Meyers*, Case No. 2:19-CV-01908-JAD-NJK, 2020 WL 515843 (D. Nev. Jan. 31, 2020) (same); *Norman v. Travelers Ins. Co.*, No. 3:19-CV-2351-S-BN, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019) (same); *Patel v. Regions Bank*, No. 18-CV-796-BAJ-RLB, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018) (stay of discovery pending resolution of motion to compel arbitration); *Athas Health LLC v. Giuffre*, No. 3:17-CV-300-L, 2017 WL 8809604, at *1 (N.D. Tex. Oct. 12, 2017) (same).

Finally, Plaintiff will not suffer any prejudice from a brief stay of discovery pending resolution of Experian's Motion to Compel Arbitration. *See In re CenturyLink Sales Pracs. & Secs. Litig.*, MDL No. 17-2795, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018) ("If the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the

arbitrators—and if not, [the non-movant] will suffer no prejudice from a temporary stay.") (citations omitted).

## M.D. Fla. Loc. R. 3.01(g) Certification

The undersigned counsel for Experian certifies that on August 15, 2025, Experian conferred with all parties regarding the relief requested in this Motion via phone conference. Plaintiff opposes the relief sought by Experian herein; Trans Union, LLC does not oppose the relief sought by Experian.

## CONCLUSION

WHEREFORE, Experian respectfully requests that the Court enter an order staying discovery as to Experian pending the Court's resolution of Experian's Motion to Compel Arbitration, and for any additional relief the Court deems just and proper.

Respectfully submitted this 15th day of August, 2025.

                                       */s/ Grant Edward Lavelle Schnell*
                                       Grant Edward Lavelle Schnell, Esq.
                                       Florida Bar No. 108109
                                       JONES DAY
                                       1221 Peachtree Street N.E., Suite 400
                                       Atlanta, Georgia 30361
                                       Phone: (404) 581-8023
                                       Email: gschnell@jonesday.com

                                       *Attorney for Defendant*
                                       *Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I caused a copy of the foregoing to be served this day by email on all parties or counsel of record and by depositing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows:

Carlyne Desir
12935 Willow Grove Dr.
Riverview, FL 33579
Email: cscaselitigation@gmail.com

*Pro Se Plaintiff*

        */s/ Grant Edward Lavelle Schnell*
        Grant Edward Lavelle Schnell, Esq.